UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:11-CV-262-19 GJK

MICHELLE PHILLIPS, on behalf of
Herself and others Similarly Situated.

    Plaintiff,

vs.

CENTRAL FLORIDA KFC, INC., a
Florida corporation d/b/a TACO BELL

    Defendant.
_____/

# **EXHIBIT A**

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement ("Agreement") is made by Plaintiff, MICHELLE PHILLIPS, to Defendant, RESTAURANTS FIRST SAFETY ASSOCIATION/CENTRAL FLORIDA KFC, INC. d/b/a TACO BELL ("Defendant").

WHEREAS, Plaintiff filed that certain civil action against Defendants in the United States District Court, Middle District of Florida, Case No. 6:11-cv-262-19 ("Federal Civil Action"); and

WHEREAS, Defendant denies any wrongdoing and denies Plaintiff's claims; and

WHEREAS, "Defendant" shall include its incorporators, Board of Directors, officers, owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, representatives, successors, assigns, partners, affiliates, all current, past and future subsidiaries, parents, related and affiliated corporations, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest, or as an employer in relation to Plaintiff, including any person or entity acting with or on behalf of Defendant, personally, officially, or in any capacity whatsoever, past and present; and

WHEREAS, "Plaintiff" shall include her heirs, successors, administrators, agents, assigns and attorneys, any other parties of interest and/or representatives; and

WHEREAS, this General Release and Settlement Agreement is between Plaintiff and Defendant, and is hereinafter referred to as the "Release," the "Agreement," or the "Confidential Release and Settlement Agreement."

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendant to Plaintiff, and her heirs, successors, administrators, agents,

assigns or attorneys, any other parties of interest and/or representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. The foregoing recitals are true and correct.

2. **Plaintiff's Release.** Except for the obligations contained herein, Plaintiff and her attorneys do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendant and all included entities listed above from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated (including but not limited to those arising out of or in any way connected with the employment of Plaintiff with Defendant in any position at any time, and including but not limited to all claims raised in the Federal Civil Action), for wages, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff against Defendant, including but not limited to claims arising under or relating to:

    A. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*

    B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;

    C. Florida Statute § 440.205;

    D. The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;

E.  The Labor Management Relations Act of 1947;

F.  The Equal Pay Act of 1963;

G.  The Occupational Safety and Health Act of 1970;

H.  The Rehabilitation Act of 1973;

I.  The Health Maintenance Organization Act of 1973;

J.  The Immigration Reform and Control Act of 1986;

K.  The Family and Medical Leave Act of 1993 ("FMLA");

L.  Executive Orders 11141, 11246, and 11375;

M.  42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;

N.  The Americans with Disabilities Act ("ADA"), as amended;

O.  The Consolidated Omnibus Reconciliation Act ("COBRA");

P.  The Employee Retirement Income Security Act of 1974 ("ERISA");

Q.  Any claims for damages, injuries, illnesses, workers compensation, or complications now known or that may later be discovered, including all effects and consequences thereof;

R.  The Civil Rights Acts of 1866, 1871, 1964 (including Title VII of that Act), or 1991;

S.  The Internal Revenue Service Code;

T.  Chapter 448, Florida Statutes;

U.  Chapter 440, Florida Statutes;

V.  The Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act of 1990 ("OWBPA");

W.  Any state, federal, or local whistleblower acts;

X. Any claim for defamation, libel, or slander;

Y. Any federal, state or local laws prohibiting employment discrimination;

Z. The employment, terms of employment, conditions of employment and separation from employment of Plaintiff by Defendant;

AA. Any claims arising from alleged harassment, negligence or intentionally tortious conduct by Defendant occurring before, during or after the employment of Plaintiff by Defendant through the day of this release;

BB. And all other claims under federal, state of local statute or ordinance or common law, including but not limited to those relating to discrimination or retaliation in employment.

The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this Release from Plaintiff to Defendant. Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all claims against Defendant, whatsoever, including but not limited to those arising out of or in any way connected with the employment or engagement of Plaintiff, at any time, from the beginning of the world to the date of execution by Plaintiff of this Agreement. Plaintiff further agrees that she will not file any claim or Charge with any agency, or join in any claim as an individual or as a member of a class in any federal, state or local court or agency in regards to Defendant, but nothing herein shall be construed as any form of a bribe or other hindrance to give truthful testimony pursuant to a subpoena, lawful discovery request, or court order. Plaintiff recognizes that no suit can be filed against Defendant for any claim released as part of this Agreement.

Except for enforcement of this Agreement, if Plaintiff should later initiate or participate in any legal action or proceeding against Defendant, for any claim arising or accruing before and through the effective date of this agreement, which he should not, this Agreement will be conclusive evidence that any such claims have been released.

3. **Defendants' Release.** Except for the obligations contained herein, Defendant does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Plaintiff from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, arising out of or in any way connected with the employment of Plaintiff with Defendant in any position at any time through the conclusion of her employment.

4. **Dismissal of Civil Action.** Upon execution of this Agreement by all parties, the parties shall electronically file a joint stipulation for dismissal with prejudice, which shall specify that the Court shall retain jurisdiction to enforce the terms of settlement and that each party shall bear its own attorney's fees and costs incurred in the Federal Civil Action, except as otherwise agreed by the parties. The parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Federal Civil Action.

5. **Settlement Payment.** As settlement for all of Plaintiff's claims against Defendant, including, but not limited to those asserted in the Federal Civil Action, total payment in the amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) (the "Settlement Payments") shall be made by or on behalf of Defendant as follows:

> A. Check # 1 to Michelle Phillips in the amount of Two Thousand Two Hundred Fifty Dollars and No Cents ($2,250.00) representing wages minus relevant applicable withholdings and deductions;

    B. Check #2 to Michelle Phillips in the amount of Two Thousand Two Hundred Fifty Dollars and No Cents ($2,250.00) representing liquidated damages.

    C. Check #3 to Chanfrau & Chanfrau in the amount of Three Thousand Dollars and No Cents ($3,000.00) representing attorneys' fees and costs.

  The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is in lieu of and for statutory attorneys' fees and costs under the FLSA and Florida Minimum Wage Amendment. The Plaintiff understands and agrees that such payment to her attorneys is in full and final satisfaction of any claim for attorneys' fees arising out of this action. Defendant makes no representation as to the tax consequences or liability arising from the payment described herein. Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees that she will pay any and all income tax which may be determined to be due in connection with the payment described in this paragraph.

  6. **Resignation and Waiver of Reinstatement/Re-Employment.** Plaintiff agrees and recognizes that her relationship and employment with Defendant has been permanently and irrevocably dissolved. Plaintiff expressly waives reinstatement, re-employment and/or claim of right to employment with Defendant, whatsoever, and agrees that he will not now and will not in the future seek re-employment or independent contractor status with Defendant. Plaintiff further agrees that this Agreement is good and sufficient cause for Defendants to reject any such application for reinstatement or re-employment. In the event Plaintiff inadvertently becomes employed by the Defendant or any entity affiliated with Defendant, Plaintiff agrees that, upon learning of such inadvertence, he will immediately resign his employment, consistent with the

terms of this Agreement. Accordingly, Plaintiff acknowledges and agrees that he is waiving any and all rights, and releases any and all claims she may have to challenge any such action as constituting unlawful retaliation or other violation of law.

7. **Not an Admission of Liability.** It is understood, agreed and stipulated between the parties that the consideration described herein is in complete and full accord, satisfaction and discharge of disputed claims, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendant has denied and continues to deny all such allegations.

8. **Complete Agreement.** This Agreement contains the entire agreement, understanding and stipulation between the parties hereto. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

9. Each of the parties warrants to each other that each has full power, authority and capacity to execute this Agreement. The parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that he is the owner of the claims asserted in the Federal Civil Action and has not transferred or assigned them, except as represented in this Agreement.

10. This Agreement is deemed to have been drafted jointly by the parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the parties have carefully read this General Release and Settlement Agreement and sign the same of their own free will.

11. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

12. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court for the Middle District of Florida, which shall retain jurisdiction to enforce this Agreement. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties herein.

13. Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorneys' fees and costs.

14. **Confidentiality.** The Plaintiff agrees that the terms, conditions and parties of and to this settlement, including any payments made hereunder, shall remain strictly confidential and shall not be disclosed or made known to any third person or party unless such disclosure is required by law. The Plaintiff shall not, either directly or indirectly, disclose, discuss or communicate to any entity or person, except her attorneys or other professional advisors or

spouse any information whatsoever regarding the existence or the terms of this Agreement, its nature or scope or the negotiations leading to it, unless compelled to disclose such information pursuant to legal process, and only then after reasonable notice to the Defendant. Plaintiff shall be responsible for assuring that her attorney, other professional advisors or her spouse complies with the nondisclosure commitments of this section. A breach by Plaintiff's spouse, or her attorney or other professional advisors will be considered a breach by Plaintiff. Plaintiff agrees that any breach of this Confidentiality provision by Plaintiff, her attorney, other professional advisors, or her spouse, will result in disgorgement of the Settlement Payments. In addition, should any party to this Agreement be required to enforce the terms of this clause against a breaching party, the prevailing party shall be entitled to its reasonable attorneys' fees and costs.

15. The Plaintiff shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns he perceives she may have had with the Defendant, its officers, employees (past or present) or businesses or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendantt, its officers, employees (past or present) or businesses. Plaintiff acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, any board of directors or advisory board or directors, competitors, strategic partners, vendors, and employees (past and present). Plaintiff shall not interfere with Defendant's relationship with, or endeavor to entice away from the Defendant, any person who was or is an employee of Defendant. Plaintiff understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that Defendant would be irreparably harmed by violation of this provision.

16. Defendant agrees to only provide prospective employers with the dates of Plaintiff's employment and his position held, upon inquiry. In addition, Defendant agrees not to give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from Plaintiff.

17. The Plaintiff hereby acknowledges that prior to executing this Agreement, she was advised in writing to consult with an attorney before signing this Agreement. The Plaintiff also acknowledges that she was given twenty-one (21) days to consider the Agreement, and was informed that she could revoke the Agreement within seven (7) days after signing it, and that it did not become effective until the time to revoke the Agreement had ended. The Settlement Payment will be delivered to the Plaintiff no earlier than five (5) business days following the seven (7) day revocation period (however, Defendant is not required to make such payment prior to the date as indicated in Paragraph 4). The Plaintiff acknowledges that she entered into and signed this Agreement knowingly, voluntarily, freely, of his own volition and with such consultation with counsel as he deemed appropriate.

18. This agreement may be signed in counterparts, fax copies to be considered original.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates set forth below.

_____
MICHELLE PHILLIPS, Plaintiff

Date: 4/11/2011

_____
RESTAURANTS FIRST SAFETY
ASSOCIATION/CENTRAL FLORIDA
KFC, INC. d/b/a TACO BELL, Defendant

By: _____  Burt Sydnnik

Title: _____

Date: 4/27/11